UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>QUEVENCY DEVRON MASON,<br><br>  Defendant. | NOS.  CR-04-209-RHW<br>          CV-08-008-RHW<br><br>**ORDER DISMISSING DEFENDANT'S § 2255 PETITION** |

Before the Court is Defendant's *pro se* Motion to Vacate, Set Aside or Correct Federal Sentence entered in the above-entitled action (Ct. Rec. 130).

## BACKGROUND

A jury convicted Defendant of two counts of Distribution of 5 Grams or More of a Mixture or Substance Containing Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and 851, 3 counts of Distribution of 50 Grams or More of a Mixture or Substance Containing Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and 851, and one count of Possession of Cocaine Base, in violation of 21 U.S.C. § 844.  A Jury Verdict was entered on March 10, 2005, and the Court sentenced Defendant on June 24, 2005.  An Amended Judgment was entered on March 22, 2006.  Defendant appealed this Court's ruling, and the Court of Appeals affirmed the conviction on August 16, 2006.  On January 7, 2008, Defendant filed this motion, raising issues of prosecutorial misconduct, ineffective assistance of counsel, and confusing jury instructions.  While this motion was filed outside of the required time frame specified in 28 U.S.C. § 2255, documents provided by Defendant indicated that equitable tolling was appropriate. By previous order, the Court found that Defendant was entitled to no relief for his first and

**ORDER DISMISSING DEFENDANT'S § 2255 PETITION** * 1

third claims, but directed the Government to respond to Defendant's ineffective assistance of counsel claim (Ct. Rec. 131).

## DISCUSSION

A petition under § 2255 for denial of effective assistance of counsel is considered a collateral attack. *See Strickland v. Washington*, 466 U.S. 668, 676 (1984). The normal procedure for seeking relief for ineffective assistance of counsel is through a § 2255 challenge. *United States v. Pirro*, 104 F.3d 297, 298 (9th Cir. 1997). Generally, a petitioner claiming denial of effective assistance of counsel must show two elements: (1) counsel's performance was so deficient that counsel was not functioning as "counsel" under the Sixth Amendment; and (2) that the result of counsel's errors prejudiced the defense so as to deprive a petitioner of a fair trial. *Strickland*, 466 U.S. at 687. Otherwise stated, the ineffectiveness of a petitioner's counsel "must fall below an objective standard of reasonableness." *Id.* at 688. However, even though both elements are required to be affirmatively proven by petitioner, the order in which they are considered is irrelevant; an inquiry into such a claim may cease if a petitioner makes an insufficient showing on one component or the other. *Id.* at 697.

The presence of adequate counsel is constitutionally required at sentencing hearings and every other "stage of a criminal proceeding where substantial rights . . . may be affected." *United States v. Leonti*, 326 F.3d 1111, 1116-17 (9th Cir. 2003) (citing *Mempa v. Rhay*, 389 U.S. 128, 134 (1967)). The court's scrutiny of defense counsel's performance at the sentencing hearing must be highly deferential. *Strickland*, 466 U.S. at 689. Additionally, a petitioner's claim of ineffective assistance of counsel must "identify the facts or omissions of counsel that are alleged not have been the result of reasonable professional judgement." *Id.* at 690.

Allegations 1-3, 6 and 11 of Defendant's reply memorandum each set forth specific examples of his larger argument that defense counsel Wall was "totally inexperienced at trial practice in federal courts," unprepared, confused, and ignorant of relevant law. While Defendant seizes on isolated moments of Mr. Wall's alleged

**ORDER DISMISSING DEFENDANT'S § 2255 PETITION** * 2

incompetence, the Court finds that a review of the transcript as a whole demonstrates that Mr. Wall's performance from voir dire through trial and sentencing did not fall below an "objective standard of reasonableness." *Strickland*, 466 U.S. at 687. Mr. Wall made appropriate and timely objections to the prosecution's questioning of witnesses, cross-examined witnesses thoroughly, and argued vigorously on his client's behalf when appropriate. His questions, objections, and arguments displayed adequate preparation based on a reasonable investigation of facts and law. He also successfully moved for dismissal of one count of the Indictment. (ROT 366). Mr. Wall also submitted a sentencing memoranda raising legal objections to the presentence report, and adequately asserted those objections in oral argument at the sentencing hearing. Accordingly, the Court finds that these allegations fail to satisfy the first prong of the *Strickland* test.

Defendant's allegations 4-5 and 7-8 relate to Mr. Wall's arguments to the Court regarding the defense's proposed entrapment defense and government agent instruction. Defendant asserts that Mr. Wall was unprepared for argument and failed to object to the prosecution's arguments on this issue. To the contrary, the transcript demonstrates that Mr. Wall was actually successful in persuading the Court to reverse its conclusion that Mr. Villegas was not a government agent as a matter of law. (ROT p. 510-14). As a result of Mr. Wall's argument, the government agent instruction and the entrapment defense were both submitted to the jury. Mr. Wall timely objected to the Court's refusal to give Mr. Wall's proposed agency instruction, and that refusal was upheld on appeal. Therefore, the Court finds that Defendant's assertions are without merit and fail to satisfy the first *Strickland* prong.

Defendant's allegations 9 and 10 relate to Mr. Wall's alleged failures or decisions not to call two witnesses: the prosecutor, and Eli Villegas. Defendant argues that the prosecutor's testimony was necessary to establish that a confidential informant, Natalia Gutierrez, had lied under oath in an unrelated trial. However, the transcript demonstrates that Ms. Gutierrez admitted that lie during her testimony in this matter.

**ORDER DISMISSING DEFENDANT'S § 2255 PETITION** * 3

(ROT pp. 341-42). Moreover, a written stipulation was read to the jury instructing them to take as a fact that Ms. Gutierrez had lied in the previous trial. (ROT p. 518). Therefore, the prosecutor's testimony would have been cumulative and inadmissible, and Mr. Wall's handling of the issue did not fall below an objective standard of reasonableness. Next, Defendant argues that Mr. Villegas's testimony was necessary to establish his entrapment defense, and that Mr. Wall was deficient in failing to call Mr. Villegas as a witness. However, it is clear from the record that Mr. Wall tried to call Mr. Villegas as a witness, but was unable to serve a subpoena because Mr. Villegas could not be located. (ROT 23-24). It is also clear that Mr. Wall exerted reasonable efforts to do so, even enlisting the Government's good faith assistance in locating Mr. Villegas after trial began, to no avail. (ROT 29, 31). Moreover, Defendant fails to show how Mr. Villegas's testimony would have assisted his theory of entrapment, in light of the clear and abundant evidence of predisposition. (*See, e.g.,* ROT 480). Accordingly, the Court finds that these allegations fail to meet both prongs of the *Strickland* test.

In conclusion, the Court reaffirms its previous rejection of Defendant's allegations of prosecutorial misconduct and confusing jury instructions. The Court also rejects Defendant's allegations of ineffective assistance of counsel.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Vacate, Set Aside or Correct Federal Sentence (Ct. Rec. 130) is **DENIED.**

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order, furnish copies to the Government and to Defendant, and **close the above-captioned files.**

**DATED** this 3rd day of June, 2010.

        *s/Robert H. Whaley*
        ROBERT H. WHALEY
        United States District Judge

Q:\CRIMINAL\2004\Mason\dismiss.habeas.ord.wpd

**ORDER DISMISSING DEFENDANT'S § 2255 PETITION** * 4