UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>QUEVENCY D. MASON,<br><br>Defendant. | No. CR-04-0209-RHW<br><br>**ORDER DENYING DEFENDANT'S MOTIONS TO MODIFY TERM OF IMPRISONMENT** |

Before the Court is Defendant's Motion to Modify Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c) citing Amendment 750 to the United States Sentencing Guidelines ("U.S.S.G."), heard without oral argument. ECF Nos. 148 and 150. Defendant proceeds *pro se*, while Assistant United States Attorney Aine Ahmed represents the Government. The Government responded to the motion, ECF No. 154, and Defendant replied, ECF Nos. 155, 156. Defendant now moves the Court to reduce his sentence and enter a new judgment based on Amendment 750, which lowered the sentencing range for offenses involving crack cocaine.

## BACKGROUND

A jury convicted Defendant of two counts of Distribution of 5 Grams or More of a Mixture or Substance Containing Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and 851, three counts of Distribution of 50 Grams or More of a Mixture or Substance Containing Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and 851, and one count of Possession of Cocaine Base, in violation of 21 U.S.C. § 844. A Jury Verdict was entered on March 10, 2005, and the Court sentenced Defendant on June 24, 2005. Based on Defendant's prior felony drug conviction and the amount of crack involved in the offense totaling 203 grams, the

**ORDER DENYING DEFENDANT'S MOTIONS TO MODIFY TERM OF IMPRISONMENT** * 1

Court determined that Defendant had a total offense level of 30, and Criminal History category of VI, which equated to a guideline range of 168-210 months. Sentencing Order, ECF No. 96-2 at 10-11; Govt.'s Resp. ECF No. 154 at 2. However, pursuant to 21 U.S.C. §§ 841(b)(1)(A)(viii) and 851, Defendant faced a mandatory minimum of 20 years imprisonment. *Id* at ECF No. 96-2. The Court sentenced him accordingly to 240 months and 10 years of supervised release. *Id.*

The Ninth Circuit affirmed the conviction on August 16, 2006, ending Defendant's direct appeals. ECF No. 125. Defendant then filed a Section 2255 petition, which the Court dismissed on June 3, 2010. ECF No. 135. The Ninth Circuit affirmed that decision on September 14, 2011. ECF No. 147. Defendant now attacks his sentence arguing for a reduction based on the Fair Sentencing Act of 2010 and Amendment 750 to the U.S.S.G. For the reasons set forth below, the instant motion is denied.

## DISCUSSION

Defendant requests a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) based upon the United States Sentencing Commission's Amendment 750 which changed the Drug Quantity Table for offenses involving cocaine base (crack). 18 U.S.C. § 3582(c)(2), the statutory basis for Defendant's motion, provides as follows:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the
> term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

**ORDER DENYING DEFENDANT'S MOTIONS TO MODIFY TERM OF IMPRISONMENT** \* 2

The language of Section 3582(c)(2) provides the Court with authorization to reduce a sentence where the applicable "sentencing range" has been subsequently lowered. Given that Defendant was sentenced pursuant to a statute, and not under the United States Sentencing Guidelines, there was no "sentencing range" which could be subsequently lowered by the Sentencing Commission. Consequently, Section 3582(c)(2) does not confer jurisdiction on this Court to resentence Defendant. *U.S. v. Jackson,* 577 F.3d 1032, 1035-1036 (9th Cir. 2009) (a defendant sentenced pursuant to a mandatory minimum, and not a sentencing guideline range, is ineligible for a sentence reduction under Section 3582(c)(2)); *U.S. v. Paulk,* 569 F.3d 1094, 1095 (9th Cir. 2009) (per curiam) (upholding denial of motion to reduce sentence made by defendant convicted of crack cocaine distribution).

Here, Defendant is serving a statutory mandatory minimum sentence. Thus, a reduction of his sentence is not authorized under Section 3582(c)(2). Because the Court was shackled by the mandatory minimum at the time it sentenced Defendant, it must deny his motion.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motions to Modify Term of Imprisonment, ECF Nos. 148 and 150, are **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to the Defendant and counsel for the Government.

**DATED** this 2nd day of January, 2013.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge

**ORDER DENYING DEFENDANT'S MOTIONS TO MODIFY TERM OF IMPRISONMENT** * 3

q:\rhw\acriminal\2004\mason\order_3582 motion.docx