FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 06, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>QUEVENCY D. MASON,<br><br>Defendant. | No. 2:04-CR-00209-RHW-1<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO THE FIRST STEP ACT OF 2018** |

Before the Court is Defendant's Motion for Reduction or Modification of Sentence Pursuant to . . . the First Step Act. **ECF No. 167**. The Court has considered Defendant's motion, the Government's response, Defendant's reply, and the earlier filings in the case. Being fully informed, the Court finds that Defendant's motion should be **GRANTED** and his sentence should be reduced to a term of time served.

//

//

**ORDER GRANTING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO THE FIRST STEP ACT OF 2018**
~ 1

## I. Background

In 1986, Congress enacted the Anti-Drug Abuse Act, which set harsh mandatory minimum sentences for offenses involving cocaine base, *i.e.*, crack cocaine. *See* Pub. L. No. 99-570, 100 Stat. 3207 (1986). For offenses involving the manufacturing or distribution of five grams or more of crack cocaine, the Act established a mandatory minimum of five years' imprisonment and a maximum of 40 years. *Id.* § 1002. If a person had a prior felony drug conviction, the minimum increased to 10 years and the maximum to life. *Id.* For offenses involving the manufacturing or distribution of 50 grams or more of crack cocaine, the Act established a mandatory minimum of 10 years' imprisonment and a maximum of life. *Id.* If a person had a prior felony drug conviction, the minimum sentence increased to 20 years. *Id.*

In 2005, the Government charged Defendant with two counts of Distribution of 5 Grams or More of a Mixture or Substance Containing Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii), three counts of Distribution of 50 Grams or More of a Mixture or Substance Containing Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), and one count of Possession of Cocaine Base with Intent to Distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). ECF No. 41 (Superseding Indictment). The Government also filed an

information under 21 U.S.C. § 851 to establish Defendant's prior state drug conviction for conspiracy to deliver a controlled substance. ECF No. 25.

The case proceeded to trial and Defendant presented an entrapment defense. ECF No. 75 at 20-22; No. 115 at 60-61. Defendant testified and admitted that he distributed crack cocaine as alleged in the indictment. ECF No. 114 at 76-87. He then testified to facts related to his entrapment defense. ECF No. 114 at 65-66, 71, 79, 81, 86-87

The jury found Defendant guilty of the two charged counts of distributing 5 or more grams of crack cocaine, the three charged counts of distributing 50 or more grams of crack cocaine, and an additional count of the lesser included offense of simple possession of crack cocaine. ECF No. 79. Prior to sentencing, the U.S. Probation Office prepared a presentence report finding that Defendant's offenses involved 214.3 net grams of crack cocaine. PSR ¶¶ 21, 30. The presentence report also concluded that Defendant met the criteria for "career offender" status under U.S.S.G. § 4B1.1 based on his prior state convictions for conspiracy to deliver a controlled substance and attempted second degree assault. PSR ¶ 38.

In June 2005, the Court sentenced Defendant. ECF No. 94. The Court agreed with the presentence report that Defendant qualified as a career offender based on his prior state offenses. *See* ECF No. 96 at 2-5; No. 116 at 25. Because the statutory maximum for Defendant's convictions was life imprisonment,

Defendant's status as a career offender resulted in an offense level of 37 and a criminal history category of VI. ECF No. 116 at 25; *see* U.S.S.G. § 4B1.1(b)(A). However, the Court also found that Defendant was eligible for a three-point reduction based on his acceptance of responsibility[1] as well as a four-point downward departure to account for the unwarranted sentencing disparity between crack and powder cocaine. ECF No. 96 at 5-10; No. 116 at 25. With an adjusted offense level of 30 and a criminal history category of VI, the Court concluded that Defendant's advisory guideline range was 168 – 210 months' imprisonment. ECF No. 96 at 10-11.

Despite this guideline range, 21 U.S.C. § 841 set a mandatory minimum of 10 years' imprisonment for anyone convicted of manufacturing or distributing 50 grams or more of crack cocaine. 21 U.S.C. 841(b)(1)(A) (2005). And because the Government had filed an information establishing his prior state felony drug conviction for conspiracy to deliver a controlled substance, he was subject to a 20-year mandatory minimum. *See id.*; ECF No. 96 at 12.

Bound by the statute, the Court sentenced Defendant to the mandatory minimum of 240 months' imprisonment. ECF No. 96 at 2, 11; *see Dorsey v. United States*, 567 U.S. 260, 266-67 (2012) ("[N]o matter what range the

---

[1] Although Defendant went to trial, this was the only avenue for him to raise an entrapment defense. *See* ECF No. 116 at 25. He admitted he was guilty of the offenses charged, expressed contrition, and only testified to facts related to entrapment. ECF No. 96 at 5.

**ORDER GRANTING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO THE FIRST STEP ACT OF 2018**

~ 4

Guidelines set forth, a sentencing judge must sentence an offender to at least the minimum prison term set forth in a statutory mandatory minimum."). However, the Court emphasized that this sentence was more than necessary to address Defendant's culpability and the sentencing factors articulated in 18 U.S.C. § 3553. ECF No. 96 at 11; No. 116 at 26. The Court noted that if it had discretion to sentence Defendant to a term of imprisonment less than 240 months, it would have done so. ECF No. 96 at 2, No. 116 at 26.

In 2010, Congress enacted the Fair Sentencing Act, which reduced the disparity between the amounts of crack and powder cocaine needed to trigger the mandatory minimum penalties in 21 U.S.C. § 841. Fair Sentencing Act, Pub. L. No. 111-220, 124 Stat. 2372; *Dorsey*, 567 U.S. at 264. To trigger the five-year mandatory minimum (or 10 year, with a prior drug felony) under 21 U.S.C. § 841(b)(1)(B), the law increased the amount of required crack cocaine involved from 5 grams to 28 grams.[2] *See* 124 Stat. 2372, § 2(a)(2). To trigger the 10-year mandatory minimum (or 20 year, with a prior drug felony) under 21 U.S.C. § 841(b)(1)(A), the law increased the amount of required crack cocaine involved from 50 grams to 280 grams. *See* 124 Stat. 2372, § 2(a)(1). However, the Fair Sentencing Act was not retroactive. *United States v. Baptist*, 646 F.3d 1225, 1225

---

[2] This had the effect of lowering the crack-to-powder ratio from 100-to-1 to 18-to-1. *Dorsey*, 567 U.S. at 269.

**ORDER GRANTING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO THE FIRST STEP ACT OF 2018**

~ 5

(9th Cir. 2011). Therefore, it did not apply to individuals like Defendant, who had been sentenced to statutorily mandated terms of imprisonment prior to its enactment. *Id.* at 1229.

In December 2018, Congress enacted the First Step Act. Pub. L. No. 115-391, S. 756, 115th Cong. (2018) (enacted but not yet codified). One of the Act's provisions authorized district courts to resentence defendants based on the Fair Sentencing Act's revised statutory penalties for offenses involving crack cocaine. *See* First Step Act § 404(b); *United States v. Powell*, 360 F. Supp. 3d 134, 138 (N.D.N.Y. 2019). In other words, it made the Fair Sentencing Act retroactive. Shortly after its enactment, Defendant moved to reduce his then-statutorily required sentence of 240 months' imprisonment.[3] ECF No. 167.

## II. Discussion

Defendants eligible for sentence reductions under the First Step Act are those who: (1) were convicted of a crack cocaine offense, (2) were sentenced when the pre-Fair Sentencing Act statutory penalties were still in effect, and (3) continue to serve a sentence that has not already been reduced to post-Fair Sentencing Act levels. First Step Act § 404(a). Courts retain discretion to deny motions of

---

[3] Because this is a sentence reduction proceeding and not a plenary resentencing (as will be discussed *infra*), the Court is not required to hold a hearing where Defendant is present. *See* Fed. R. Crim. P. 43(b)(4).

**ORDER GRANTING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO THE FIRST STEP ACT OF 2018**

~ 6

otherwise eligible offenders, and the First Step Act does not "require a court to reduce any sentence." First Step Act § 404(c).

Here, the parties agree that Defendant is eligible for a reduced sentence under the First Step Act. *See* ECF No. 172 at 6-7; No. 173 at 1. They disagree, however, about the extent to which the Court is authorized to modify Defendant's previously-imposed sentence. Defendant contends he is eligible for a plenary, de novo resentencing. ECF No. 173 at 1-2. In contrast, the Government argues that the scope of the sentence reduction proceeding authorized by the Act is tightly circumscribed. *Id.* at 4-5, 7-8.

### A. The First Step Act does not Authorize Plenary Resentencing

Defendant contends the Court is authorized to conduct a plenary, de novo resentencing in which it may revisit determinations made at the original sentencing hearing in light of current law. ECF No. 173 at 1-2. Specifically, Defendant asks the Court to readdress its prior determination that he is a career offender. *Id.* at 1-2, 10. He argues that if he were convicted today, he would not be classified as a career offender because his state convictions could not be considered qualifying predicate convictions under U.S.S.G. § 4B1.2. *Id.* at 10. The Government does not dispute that, were he sentenced today, Defendant would not qualify as a career offender. *See* ECF No. 172. However, it argues the First Step Act only allows a limited adjustment to an otherwise final sentence and does not permit the Court to

reopen prior, unrelated sentencing determinations. ECF No. 172 at 5, 7-8. The Court agrees with the Government for three reasons.

First, the Court's authority to modify an imposed term of imprisonment is limited to the extent expressly permitted by statute. Generally, district courts cannot modify terms of imprisonment once they have been imposed. 18 U.S.C. § 3582(c). However, Congress has authorized courts to modify imposed terms of imprisonment in some limited circumstances, which are outlined in 18 U.S.C. § 3582(c). Relevant here, subsection (c)(1)(B) authorizes a court to "modify an imposed term of imprisonment to the extent otherwise *expressly* permitted by statute." 18 U.S.C. § 3582(c)(1)(B) (emphasis added). Section 404(b) of the First Step Act provides this express statutory authorization. *United States v. Shelton*, No. CR 3:07-329 (CMC), 2019 WL 1598921, at *2 (D.S.C. Apr. 15, 2019).

The express terms of the First Step Act only permit the Court to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." First Step Act § 404(b). Section 2 of the Fair Sentencing Act increased the amount of crack cocaine necessary to trigger the mandatory minimum and statutory maximum sentences in 21 U.S.C. § 841(b); Section 3 eliminated the mandatory minimum sentence for simple possession of crack cocaine. *See* 124 Stat. 2372, §§ 2-3. Nothing in either the Fair Sentencing Act or the First Step Act "expressly" permits the Court to

conduct a full resentencing and reconsider its original sentencing determinations in light of current law, as Defendant asks the Court to do.

Defendant argues that the Act's use of the phrase "*impose* a reduced sentence" signals Congress's intent to authorize plenary resentencing. ECF No. 173 at 6-7 (quoting First Step Act § 404(b)) (emphasis added). He argues that various federal sentencing statutes use the verb "impose" to mean the initial imposition of a sentence, and the fact that the Act permits a court to "impose" a reduced sentence means he is entitled to a full resentencing proceeding without restriction. *Id.*

Every court that has confronted this argument has rejected it. *See United States v. McKinney*, No. 06-20078-01-JWL, 2019 WL 2053998, at *4 (D. Kan. May 9, 2019); *United States v. Coleman*, No. 04-CR-278-PP, 2019 WL 1877229, at *7 (E.D. Wis. Apr. 26, 2019); *United States v. Glore*, No. 99-CR-82-PP, 2019 WL 1761581, at *5 (E.D. Wis. Apr. 22, 2019); *United States v. Rivas*, No. 04-CR-256-PP, 2019 WL 1746392, at *8 (E.D. Wis. Apr. 18, 2019); *United States v. Potts*, No. 2:98-CR-14010, 2019 WL 1059837, at *3 (S.D. Fla. Mar. 6, 2019). The reason is that the Act's use of the word "impose" must be read in context: it authorizes courts to "impose a reduced sentence," referring to a proceeding to

"reduce" a sentence. *E.g.*, *Potts*, 2019 WL 1059837, at *3. This does not signal authorization for a full resentencing.[4] *Id.*

The second reason why the Court concludes that the First Step Act does not authorize plenary resentencing is that defendants are not entitled to full resentencing in the analogous context of subsection 3582(c)(2) proceedings, which are based on retroactive amendments to the U.S. Sentencing Guidelines. *See Dillon v. United States*, 560 U.S. 817, 825-26 (2010). Similarly, the First Step Act permits a sentence reduction based on the retroactive application of the Fair Sentencing Act. Much like § 3582(c)(2), it contemplates "only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Id.* at 826; *see also United States v. Lawson*, No. 1:03-CR-398, 2019 WL 1959490, at *3 (N.D. Ohio May 2, 2019); *United States v. Russo*, No. 8:03CR413, 2019 WL 1277507, at *2 (D. Neb. Mar. 20, 2019).

Third and finally, if the First Step Act authorized plenary resentencing proceedings and allowed the Court to apply other laws and guidelines that have changed since Defendant's original sentencing, this would mean that individuals

---

[4] Defendant also argues that he is still eligible for a sentence reduction even if the retroactive application of the Fair Sentencing Act does not lower his guideline range. ECF No. 173 at 7-9. While this issue might be relevant in other cases, *e.g.*, *United States v. Glover*, __ F. Supp. 3d __, No. 95-08021-CR, 2019 WL 1924706, at *13 (S.D. Fla. May 1, 2019) (holding that the defendant was not entitled to a sentence reduction because a retroactive application of the Fair Sentencing Act did not lower the applicable guideline range), it is irrelevant here because the Act eliminates the previously-applicable 20-year mandatory minimum and allows the Court to resentence to a term within the guideline range.

**ORDER GRANTING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO THE FIRST STEP ACT OF 2018**

~ 10

convicted of crack cocaine offenses would fortuitously be able to change their statuses as career offenders, but individuals convicted of marijuana offenses, methamphetamine offenses, or any other drug offense could not. Such an interpretation would "work an injustice" on these other drug offenders. *McKinney*, 2019 WL 2053998, at *4; *Lawson*, 2019 WL 1959490, at *3; *Russo*, 2019 WL 1277507, at *1.

For these three reasons, the Court concludes that the First Step Act does not authorize district courts to revisit prior, unrelated sentencing determinations. This has been the approach taken in this judicial district. *See United States v. Jamonte C. Davidson*, No. 2:06-CR-00136-LRS-1, Memorandum Opinion, ECF No. 193 at 2-3 (E.D. Wash. Mar. 27, 2019) (holding that the First Step Act did not authorize the court to conduct a plenary resentencing that would eliminate the defendant's status as a career offender); *United States v. Ezralee Kelley*, No. 2:06-CR-00136-LRS-2, Memorandum Opinion, ECF No. 195 at 2-3 (E.D. Wash. Mar. 27, 2019) (same); *United States v. Teesha Patterson*, No. 2:07-CR-075-LRS-2, Memorandum Opinion, ECF No. 245 at 2-3 (E.D. Wash. Mar. 27, 2019) (same).

This has also been the approach unanimously taken by every district court across the country that has confronted this issue. *See United States v. Glover*, __ F. Supp. __, No. 95-08021-CR, 2019 WL 1924706 (S.D. Fla. May 1, 2019); *Potts*, 2019 WL 1059837, at *2-3 (S.D. Fla. Mar. 6, 2019); *McKinney*, 2019 WL

2053998, at *2-5 (D. Kan. May 9, 2019); *United States v. Boulding*, __ F. Supp. 3d __, No. 1:08-CR-65-01, 2019 WL 2135494 (W.D. Mich. May 16, 2019); *United States v. Haynes*, No. 8:08-CR-441, 2019 WL 1430125, at *2 (D. Neb. Mar. 29, 2019); *Russo*, 2019 WL 1277507, at *1-2 (D. Neb. Mar. 20, 2019); *United States v. Sampson*, 360 F. Supp. 3d 168, 171 (W.D.N.Y. Mar. 13, 2019); *United States v. Davis*, No. 07-CR-245S (1), 2019 WL 1054554, at *2 (W.D.N.Y. Mar. 6, 2019); *Lawson*, 2019 WL 1959490, at *3 (N.D. Ohio May 2, 2019); *Shelton*, 2019 WL 1598921, at *2 (D.S.C. Apr. 15, 2019); *Coleman*, 2019 WL 1877229, at *8 (E.D. Wis. Apr. 26, 2019); *Glore*, 2019 WL 1761581, at *5 (E.D. Wis. Apr. 22, 2019); *Rivas*, 2019 WL 1746392, at *6-*9 (E.D. Wis. Apr. 18, 2019). Defendant does not cite nor has the Court located any case in which a court has held otherwise. Accordingly, the Court lacks authorization to conduct a plenary, de novo resentencing and therefore cannot revisit its prior determination that Defendant qualifies as a career offender.[5]

///

///

---

[5] Because Defendant is a career offender, he cannot move for a sentence reduction under 18 U.S.C. § 3582(c)(2), which allows the Court to reduce a defendant's previously imposed sentence when the applicable sentencing range "has subsequently been lowered by the Sentencing Commission." *See United States v. Riley*, 726 F.3d 756, 758-59 (6th Cir. 2013) (holding that a defendant whose sentence is based upon the career offender sentencing guideline cannot benefit from Amendment 750 under the Fair Sentencing Act because that amendment did not affect the career offender sentencing guidelines range).

## B. Applying the Fair Sentencing Act of 2010 Retroactively to Defendant's Convictions

The parties both agree that Defendant distributed more than 28 but less than 280 grams of crack cocaine. *See* ECF No. 167 at 1; No. 172 at 6; No. 173 at 10, 12. They therefore agree that, had the Fair Sentencing Act been in effect when he was sentenced in 2005, his convictions would have qualified for the lesser mandatory penalties under 21 U.S.C. § 841(b)(1)(B), as opposed to the harsher mandatory penalties under 21 U.S.C. § 841(b)(1)(A). *See id.*

The default statutory range under subsection 841(b)(1)(B) is a mandatory minimum of 5 years' imprisonment and a maximum of 40. *See* 21 U.S.C. § 841(b)(1)(B) (2011); ECF No. 172 at 6; No. 173 at 12. But because of the 21 U.S.C. § 851 enhancement based on Defendant's prior drug felony, the statutory range of imprisonment under subsection 841(b)(1)(B) is enhanced to a mandatory minimum of 10 years and a maximum of life.

### 1. Defendant's prior felony drug conviction still enhances his sentence

Defendant contends that he is not subject to the enhanced sentence based on his prior state drug conviction because the First Step Act changed the rules for what prior offenses qualify. ECF No. 173 at 10 fn.11, 11-12. Before, any "felony drug offense" qualified as a predicate, *see* 21 U.S.C. § 841(b)(1)(B) (2011),

whereas now only "serious drug felonies" do. *See* First Step Act § 401(a). Defendant argues his prior drug conviction does not meet the new requirements for it to be a "serious drug felony."[6] ECF No. 173 at 12.

While Defendant is correct that the First Step Act changed the rules going forward for what predicate offenses enhance a drug sentence, the Act expressly states that these amendments do *not* apply retroactively—they only apply to pending cases in which the defendants have not yet been sentenced. *See* First Step Act § 401(c). Because these changes are not retroactive, Defendant's prior drug conviction still enhances his sentence to a mandatory minimum of 10 years' imprisonment and a maximum of life. *See* 21 U.S.C. § 841(b)(1)(B) (2011).

### 2. Defendant's guidelines range is still 168 – 210 months

Because Defendant is a career offender and the statutory maximum for his offenses is life imprisonment, his base offense level is still 37.[7] *See* U.S.S.G. §

---

[6] Under the First Step Act, for a prior offense to be a "serious drug felony": (1) it must meet the requirements outlined in 18 U.S.C. § 924(e)(2) (*i.e.*, have a maximum term of imprisonment of 10 years or more); (2) the defendant must have *actually served* a term of imprisonment of more than 12 months; and (3) the defendant's release from custody must have been within 15 years of the commission of the current offense. *See* First Step Act § 401(a).

[7] If Defendant were not subject to the 21 U.S.C. § 851 enhancement due to his prior felony drug offense, his statutory maximum would be 40 years and therefore his base offense level would only be 34. *See* U.S.S.G. § 4B1.1(b)(2). In those situations, the First Step Act actually can impact career offender guidelines ranges. *See*, *e.g.*, *Kelley*, No. 2:06-CR-00136-LRS-2, ECF No. 195 at 2-3 (concluding that because the offense's statutory maximum decreased from life to 40 years under the First Step Act, the defendant was subject to a lower career offender guideline range); *United States v. Allen*, No. 3:96-CR-00149-RNC-3, 2019 WL 1877072, at *4 (D. Conn. Apr. 26, 2019) (same).

4B1.1(b). Factoring in the Court's prior three-point reduction for acceptance of responsibility and its four-point departure to account for the disparity between crack and powder cocaine, Defendant's adjusted offense level remains at 30. With a criminal history category of VI, Defendant's advisory guideline range is the same as it was before: 168 – 210 months' imprisonment. *See* U.S.S.G. § 5 Pt. A; ECF No. 96 at 10-11.

The Government argues that Defendant is no longer entitled to the four-point downward departure the Court granted at the original sentencing to account for the disparity between crack and powder cocaine. ECF No. 172 at 8-9. The Government points out that Congress enacted the Fair Sentencing Act to rectify this disparity by increasing the threshold quantities of crack cocaine required to trigger the mandatory minimum penalties, and argues that granting Defendant an additional downward departure on this same basis would be duplicative. *Id.* at 9.

While a four-level departure may be duplicative in light of these recent congressional enactments, the Court has no authority under the First Step Act to revisit prior, unrelated sentencing determinations. *See supra* pgs. 7-12. This principle applies to *all* prior sentencing determinations—not just those that favor the Government. If the Court cannot revisit its prior finding that Defendant is a career offender—as the Government requests—it also cannot revisit its prior finding that he is eligible for a four-level downward departure.

**ORDER GRANTING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO THE FIRST STEP ACT OF 2018**
~ 15

### 3. Sentence reduction

The First Step Act makes clear that sentence reductions are discretionary. *See* First Step Act § 404(c). In deciding how to exercise their discretion and determine the extent of a sentence reduction under the Act, courts should consider the factors set forth in 18 U.S.C. § 3553(a), which requires consideration of the applicable guideline range as well as all other pertinent information about the offender's history and conduct. *See*, *e.g.*, *Boulding*, __ F. Supp. 3d __, 2019 WL 2135494; *Lawson*, 2019 WL 1959490, at *2; *Kelley*, No. 2:06-CR-00136-LRS-2, ECF No. 195 at 3-4; *Shelton*, 2019 WL 1598921, at *2; *ESP Insider Express Special Edition: FIRST STEP Act*, United States Sentencing Commission Office of Education & Sentencing Practice, at 8 (January 2019) (noting that "the courts should consider the guidelines and policy statements, along with other 3553(a) factors, during the resentencing.").

As the Court expressed at the original sentencing hearing and reiterates now, the previously-required mandatory minimum of 240 months' imprisonment is more than necessary to address Defendant's culpability and accomplish the goals of sentencing. ECF No. 96 at 11; No. 116 at 26. Defendant has been in continuous custody since his arrest on October 20, 2004, which equates to just over 175 months. PSR at 2; ECF No. 15. After considering the factors cited above, the Court concludes that Defendant's sentence should be reduced to a term of time served.

The Government asks the Court to delay Defendant's release for at least 10 days in order to give the Bureau of Prisons time to collect his DNA. ECF No. 172 at 9; *see* 34 U.S.C. § 40702(a)(1) (formerly 42 U.S.C. § 14135a) (authorizing the Bureau of Prisons to collect DNA samples from individuals in its custody). However, the statute also authorizes the U.S. Probation Office to collect DNA samples from individuals on supervised release, and those individuals are required to cooperate in the collection. *See* 34 U.S.C. §§ 40702(a)(2), 40704. Because the U.S. Probation Office will be able to collect Defendant's DNA, the Court denies the Government's request to delay his release.

### III. Order

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Reduction or Modification of Sentence Pursuant to . . . the First Step Act, **ECF No. 167**, is **GRANTED**.

2. Defendant's term of imprisonment is **REDUCED** from 240 months to **TIME SERVED**.

3. The U.S. Marshal and the U.S. Bureau of Prisons shall prepare Defendant for his immediate release from custody.

4. All other terms of the original sentence remain unchanged.

5. Defendant must report to the U.S. Probation Office in the district in which he is released within 72 hours of release from the custody of the Bureau of Prisons.

6. Defendant must reside in a residential reentry center (RRC) for a period up to 180 days at the direction of the supervising probation officer. Defendant's participation in the programs offered by the RRC is limited to employment, education, treatment, and religious services at the direction of the supervising officer. Defendant must abide by the rules and requirements of the facility.

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order and forward copies to counsel, to Defendant personally, to the U.S. Probation Office, to the U.S. Marshal, and to the U.S. Bureau of Prisons. The District Court Executive is further directed to file an amended judgment in accordance with this Order.

**DATED** this 6th day of June, 2019.

<u>s/Robert H. Whaley</u>
ROBERT H. WHALEY
Senior United States District Judge