PROB 12C
(6/16)

Report Date: August 7, 2019

# United States District Court

for the

## Eastern District of Washington

**Petition for Warrant or Summons for Offender Under Supervision**

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 08, 2019

SEAN F. McAVOY, CLERK

| | |
|---|---|
| Name of Offender: Quevency Devron Mason | Case Number: 0980 2:04CR00209-RHW-1 |

Address of Offender:

Name of Sentencing Judicial Officer:  The Honorable Robert H. Whaley, Senior U.S. District Judge

Date of Original Sentence: June 24, 2005

| | |
|---|---|
| Original Offense: | Distribution of 5 Grams or More of a Mixture or Substance Containing Cocaine Base, 21 U.S.C. §§ 841(a)(1), and 851; <br> Distribution of 50 Grams or More of a Mixture or Substance Containing Cocaine Base, 21 U.S.C. §§ 841(a)(1), and 851; <br> Possession of Cocaine Base, 21 U.S.C. § 844 |
| Original Sentence: | Prison - 240 Months; <br> TSR - 10 Years                 Type of Supervision: Supervised Release |
| Amended Sentence: <br> (June 6, 2019) | Prison - 5,342 Days; <br> TSR - 10 Years |
| Asst. U.S. Attorney: | Russell E. Smoot                 Date Supervision Commenced: June 7, 2019 |
| Defense Attorney: | Federal Public Defender          Date Supervision Expires: June 6, 2029 |

---

### PETITIONING THE COURT

**To issue a summons.**

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Standard Condition #7**: The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician. <br><br> **Supporting Evidence**: Mr. Mason is alleged to have violated standard condition number 7 by ingesting six beers on or about August 3, 2019, based on the client's admission of such use. <br><br> On June 10, 2019, Mr. Quevency Mason signed his conditions relative to case number 2:04CR00209-RHW-1, indicating he understood all conditions as ordered by the Court. Specifically, Mr. Mason was made aware by his U.S. probation officer that he was required to refrain from any excessive use of alcohol. |

Prob12C
**Re: Mason, Quevency Devron**
**August 7, 2019**
Page 2

Specifically, on August 4, 2019, the U.S. Probation Office received a voice mail from the client's housing manager stating the client was being terminated from services effective that date due to returning to the residence intoxicated, sleeping in another resident's bed, wearing another resident's clothing, and for threatening the other resident when confronted. The undersigned officer was able to contact the provider telephonically on August 5, 2019, who confirmed the above information, stating that another resident of the house returned home after work to find the client sleeping in his bed, wearing his clothing, and having become physically ill in the room. The contact advised the resident contacted him in response to the conduct and upon his arrival he heard the client threaten the other occupant by stating to him "I am going to beat your ass you faggot." The contact advised they had called law enforcement, but ultimately they never responded. The contact stated his contact with the client did not occur until the morning after, once the other resident had returned home from work, but the client was clearly still intoxicated, as he could smell alcohol once in proximity of the client.

On August 5, 2019, the client reported to the U.S. Probation Office and provided a differing version of events, but did admit to drinking six beers on August 3, 2019, for his birthday. The client was unable to recall how long it took him to drink the beverages, but denied drinking to excess. When questioned on the reported conduct, Mr. Mason stated the residence was infested with bed bugs and his room had been previously sprayed which is why he chose to sleep in another occupant's bed and wear his sweat pants. The client stated that the parties had looked out for each other in the past by sharing food when needed and it was in fact the other occupant who had come home to the residence high on methamphetamine and then threatened him first.

Mr. Mason was advised any use of alcohol while engaged in treatment services was a violation of his treatment requirements and six beers would appear to be excessive in nature. It should be noted, the undersigned officer was later contacted by treatment staff who did advise that the client had discussed his use in group and staff were unsure if the client had been advised during his intake that he could not drink alcohol while engaged in treatment services. The contact stated the client had now been fully advised of that restriction.

2    **Special Condition #14**: You shall not associate with known street gang members and gang affiliates.

**Supporting Evidence**: Mr. Mason is alleged to have violated special condition number 14 by having sustained contact with an individual known to him to be gang affiliated and to have a criminal history on or about July 19, 2019, while in attendance at a local concert, based on collateral law enforcement contact and the client's admission of such contact.

On June 10, 2019, Mr. Quevency Mason signed his conditions relative to case number 2:04CR00209-RHW-1, indicating he understood all conditions as ordered by the Court. Specifically, Mr. Mason was made aware by his U.S. probation officer that he was required to refrain from any contact with those known to him to be gang affiliated or to have a criminal record.

Specifically, on July 23, 2019, the undersigned officer received collateral information from local law enforcement that the client had been observed at a local concert, having previously occurred on July 19, 2019, and he was in the presence of three other individuals known to law enforcement to be gang affiliated. Ms. Mason had not previously reported this conduct or incident to the undersigned officer.

Prob12C
Re: Mason, Quevency Devron
August 7, 2019
Page 3

On July 24, 2019, Mr. Mason was contacted telephonically by the undersigned officer and he subsequently reported as directed. The client was asked about his actions and location on July 19, 2019, and he admitted to attending a local concert and ultimately to being in the presence of at least one individual known to him to be gang affiliated and to have a criminal record. Mr. Mason advised they previously knew each other and he felt it was necessary to say hello to the individual and inquire about how he was doing. Mr. Mason advised the contact continued for approximately 30 minutes.

The U.S. Probation Office respectfully recommends the Court issue a **SUMMONS** requiring the offender to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: August 7, 2019

s/Chris Heinen

Chris Heinen
U.S. Probation Officer

---

THE COURT ORDERS

[ ]   No Action
[ ]   The Issuance of a Warrant
[X]   The Issuance of a Summons
[ ]   Other

Signature of Judicial Officer

8/8/2019

Date