PROB 12C
(6/16)

Report Date: July 7, 2020

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 08, 2020

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Quevency Devron Mason    Case Number: 0980 2:04CR00209-RHW-1

Address of Offender:

Name of Sentencing Judicial Officer:  The Honorable Robert H. Whaley, Senior U.S. District Judge

Date of Original Sentence: June 24, 2005

| | |
|---|---|
| Original Offense: | Distribution of 5 Grams or More of a Mixture or Substance Containing Cocaine Base, 21 U.S.C. §§ 841(a)(1), and 851; Distribution of 50 Grams or More of a Mixture or Substance Containing Cocaine Base, 21 U.S.C. §§ 841(a)(1), and 851; Possession of Cocaine Base, 21 U.S.C. § 844 |
| Original Sentence: | Prison - 240 Months; TSR - 10 Years |
| Type of Supervision: | Supervised Release |
| Amended Sentence: (June 6, 2019) | Prison - 5,342 Days; TSR - 10 Years |
| Asst. U.S. Attorney: | Timothy John Ohms |
| Date Supervision Commenced: | June 7, 2019 |
| Defense Attorney: | Federal Defender's Office |
| Date Supervision Expires: | June 6, 2029 |

## PETITIONING THE COURT

To **issue a WARRANT** and incorporate the violation(s) contained in this petition in future proceedings with the violation(s) previously reported to the Court on 06/30/2020.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 2 | **Special Condition #16**: You shall undergo a substance abuse evaluation and, if indicated, enter into and successfully complete an approved substance abuse treatment program, including aftercare. You shall contribute to the cost of treatment according to your ability. You shall allow full reciprocal disclosure between the supervising probation officer and treatment provider. |
| | **Supporting Evidence**: Mr. Mason is alleged to have violated special condition number 16 by directing the contract treatment provider to discharge him from outpatient services on July 2, 2020, following the treatment provider advising Mr. Mason he had been recommended for an increase in his level of care given his continued behavior of drinking alcohol while on supervised release and while enrolled in outpatient services. Mr. Mason |

Prob12C
Re: Mason, Quevency Devron
July 7, 2020
Page 2

was formally discharged from services at his request on July 6, 2020.

On June 10, 2019, Mr. Quevency Mason signed his conditions relative to case number 2:04CR00209-RHW-1, indicating he understood all conditions as ordered by the Court. Specifically, Mr. Mason was made aware by his U.S. probation officer that he was required to become engaged in and successfully complete outpatient treatment services should he be assessed as needing such services

Specifically, on July 2, 2020, the undersigned officer received a phone call from the client's assigned and primary outpatient treatment counselor with Pioneer Human Services who advised that Mr. Mason had directed her as a part of their scheduled and required one-on-one session, as previously occurring earlier that date, to discharge him from services against the recommendation of the provider. The provider advised as a part of the session she had advised the client that he was being recommended for an increase in his current level of care to an intensive outpatient level of care in response to his continued use of alcohol. The increase would have required the client to participate in two additional treatment sessions per week with the provider.

It should be noted that Mr. Mason was previously assessed by the contract provider on November 11, 2019, as needing an intensive outpatient level of care, but was overridden and retained at an outpatient level of care at the client's request based on his statement that any increase in services would have adversely affected his current employment. Mr. Mason was at that time advised by the undersigned officer he would be required to maintain full compliance with the provider so that he was not again recommended for a higher level of care to which he stated his understanding.

Unfortunately, and as the Court remains well informed, Mr. Mason has since continued to drink alcohol in violation of his ordered conditions of supervised release, and in conflict with the identified goals of treatment. In response to Mr. Mason again being advised by the provider that he was being referred for a higher level of care on July 2, 2020, and as outlined herein, he made the decision to withdraw from services.

Mr. Mason was subsequently contacted telephonically by the undersigned officer on the day in question in an effort to encourage the client to become re-engaged in services. Mr. Mason admitted to directing the provider to discharge him from services and advised that he had no intention of resubmitting to services, indicating they were not assisting him with addressing his father's passing. Mr. Mason additionally advised he could not participate in services at an intensive outpatient level of care while retaining his current employment, and noted that his assigned counselor herself noted she was unable to assist the client in what he was going through. In response to the undersigned officer's concerns, Mr. Mason advised that he had no concerns with appearing before the Court or being returned to custody in response to his conduct, and again advised he welcomed the opportunity to present before the Court to explain his current circumstances and behavior.

The U.S. Probation Office respectfully recommends the Court to **issue a WARRANT** and incorporate the violation(s) contained in this petition in future proceedings with the violation(s) previously reported to the Court.

Prob12C
**Re: Mason, Quevency Devron**
**July 7, 2020**
**Page 3**

                                          I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   July 7, 2020

s/Chris Heinen

Chris Heinen
U.S. Probation Officer

---

THE COURT ORDERS

[ ]  No Action
[ ]  The Issuance of a Warrant
[ ]  The Issuance of a Summons
[X]  The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[ ]  Defendant to appear before the Judge assigned to the case.
[X]  Defendant to appear before the Magistrate Judge.
[ ]  Other

*Robert A. Whaley*
Signature of Judicial Officer

7/8/2020
Date